UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUESETTS

WALTER RAPOSO,
on behalf of himself and
others similarly situated

    Plaintiff,

v.

GARELICK FARMS, LLC,

    Defendant.

Civil Action No.:

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Garelick Farms, LLC ("Garelick Farms") hereby removes this action from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the District of Massachusetts. In support thereof, Garelick Farms states as follows:

1.    Garelick Farms exercises its rights under the provisions of 28 U.S.C. §§ 1332, 441, 1446, and 1453 to remove this case from the Superior Court of the Commonwealth of Massachusetts, Norfolk County, where it is now pending under the name and style of Walter Raposo on behalf of himself and all others similar situated vs. Garelick Farms, LLC, Civil Action No. 2011-01421.

2. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. This is a civil action that was instituted in state court, and has not been tried. Plaintiff Walter Raposo ("Plaintiff") filed his Class Action Complaint ("Complaint") against defendant on or about September 26, 2011. A true and correct copy of the Complaint filed in state court is attached hereto as Exhibit 1. Garelick Farms first received the initial pleading setting forth the claims for relief upon which this action is based and the summons to respond thereto on October 4, 2011. A true and correct copy of the Summons received by Garelick Farms is attached hereto as Exhibit 2.

4. As more fully set forth below, this case is properly removed to this Court (a) pursuant to 28 U.S.C. § 1441 and (b) because this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(d).

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

5. This case is being removed subject to the provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

6. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class action consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of Garelick Farms; and (3) the aggregate amount placed in controversy by the claims of the

Plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### A. The Putative Plaintiffs' Class Consists Of More Than 100 Members

7. Although not expressly referenced in the Complaint, Plaintiff purports to bring this action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure, on behalf of himself and a putative class consisting of "all similarly situated individuals who have worked for Defendant in Massachusetts as truck drivers."

8. The Company currently employs approximately 345 truck drivers in Massachusetts and there are another 86 former truck drivers who worked for the Company during the relevant time period. *See* Declaration of Lowell Richardson ("Richardson Decl.") ¶ 4. Thus, the potential class is approximately 431 members.

9. Based upon these and other allegations, the aggregate number of class members in Plaintiffs' proposed class is more than 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

### B. The Minimal Diversity Of Citizenship Requirement Is Satisfied

10. At the time Plaintiffs commenced this action in state court, there was minimal diversity of citizenship as required by CAFA, 28 U.S.C. § 1332(d)(2)(A).

11. The Complaint alleges that Plaintiff Walter Raposo resides in East Providence, Rhode Island. Complaint ¶ 3. For purposes of diversity jurisdiction, Plaintiff Walter Raposo is a citizen of the State of Rhode Island.

12. Garelick Farms is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 2711 North Haskell Avenue, Suite 3400,

Dallas, Texas 75204. *See* Richardson Decl. ¶ 3. For purposes of diversity under CAFA, a limited liability company is an unincorporated association, which is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Geismann v. Aestheticare, LLC*, No. 07-2575-KHV, 2008 WL 961272, at *5 (D. Kan., April 9, 2008) (noting that CAFA "changes the rules governing unincorporated associations" in that an LLC "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). For purposes of diversity of citizenship under 28 U.S.C. §§ 1332(d) and 1453, Garelick Farms is a citizen of a state other than the Commonwealth of Massachusetts and the State of Rhode Island where Plaintiff resides.

13.     Accordingly, the citizenship of at least one putative class member is different from the citizenship of at least one defendant for the purposes of satisfying 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount In Controversy Requirement Under CAFA Is Satisfied**

14.     Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6). Plaintiffs' putative class claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that, if awarded, the aggregate amount of damages and other relief sought by Plaintiffs for themselves and the proposed class members will exceed $5,000,000, exclusive of interest and costs.

15.     "[W]here the complaint does not contain specific damage allegations, the removing defendant must show a reasonable probability that the amount in controversy exceeds

$5 million." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009); *see also Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011) (*citing Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H 2004)); *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1001 (C.D. Cal. 2009); *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007). "[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d at 51, *citing Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008). "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That a plaintiff may fail in its proof and the judgment may be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal." *Amoche* at 51, *quoting Brill*, 427 F.3d at 448. This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the Plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05. In cases where statutory penalties are sought, courts "have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA or removal to federal court should be resolved in favor of federal jurisdiction. *See*, e.g., S. REP. 109-14, at 42 ("[i]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."); *id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly,

with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

16.   While Garelick Farms denies Plaintiff's factual allegations and denies that Plaintiff or the putative class he purports to represent is entitled to the relief for which he has prayed, it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint puts into controversy an amount in excess of $5,000,000. *See Rhoades v. Progressive Casualty Insurance, Co.*, 2010 U.S. App. LEXIS 24128, *2 (9th Cir. Nov. 23, 2010) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the Plaintiff to recover that much.") (*quoting Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, *4 (9th Cir. 2010)).

17.   Plaintiff's Complaint purports to allege the failure to pay wages for required lunch breaks in violation of the Mass. Wage Act on behalf of himself and nearly 400 current and former truck drivers in Massachusetts. Plaintiff seeks unpaid wages for alleged missed lunch breaks pursuant to the Massachusetts Wage Act. Complaint, Count I.

18.   Under Plaintiff's theory of the case, Plaintiff claims that his individual damages are $30,375.00, which he purports to be typical of all other drivers by virtue of his claim to be a class representative. *See* Plaintiff's Civil Action Coversheet attached hereto as Exhibit 3. Thus, by extrapolating this claim for damages across a potential class of 431 drivers, the total potential damages are $13,091,625.00.[1]

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Garelick Farms' reference to specific damage amounts, and their citation to comparable cases, is provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Garelick Farms maintains that Plaintiff's claims are without merit and that Garelick Farms is not liable to

19. The statute of limitations for Plaintiff's claim under the Massachusetts Wage Act is three years. M.G.L. c. 149 §150. During the period from September 26, 2008 through September 26, 2011, Garelick Farms employed at least 431 putative class members at an average hourly wage of $22.70. Richardson Decl. ¶¶ 4, 5. During that period, those drivers worked five day workweeks and had an average of three weeks vacation, or approximately 157 hours per year. *Id.* at ¶5. Thus, the putative class of drivers averaged approximately 49 weeks worked per year. *Id.*

20. Plaintiff only alleges that Garelick Farms "frequently" failed to pay drivers who work through their lunch breaks, not the specific number of missed lunch breaks he and the other were allegedly denied. *See* Complaint ¶¶ 8-9. Accordingly, under Plaintiff's theory of the case, assuming the putative class members were denied five lunch breaks respectively per typical work week because drivers frequently "work through their breaks," the potential amount in controversy under M.G.L.c. 149 s. 150 would be at least $3,595,509.75 -- $22.70 (average hourly wage of putative class members) divided by 2 (half hour deducted for lunch break) x 5 meal breaks per week x 63,357 weeks (total weeks worked by putative class members from September 26, 2007 through September 26, 2011). *Id.* at ¶5. That amount is subject to trebling under the Massachusetts Wage Act, which brings the total potential class damages to = $10,786,529.25.

21. Even though Plaintiff's potential recovery on his class claims is more than enough to meet CAFA's amount in controversy requirement, Garelick Farms is also permitted to include his potential recovery of attorney's fees to show that the amount in controversy has been met.

---

Plaintiff. Garelick Farms specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Garelick Farms. No statement or reference contained herein shall constitute an admission of liability, or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

*Reynolds v. World Courier Grounds, Inc.* at 288 (finding that attorney's fees can be included into the CAFA amount in controversy calculation under certain circumstances). "Where a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v. CVS Pharmacy, Inc.*, Civil No. 09cv0419 JAH (RBB), 2009 WL 2579661, *2 (S.D. Cal. Aug. 19, 2009); *see also Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (finding, outside the CAFA context, that 28 U.S.C. § 1332(a)'s amount in controversy requirement includes attorney's fees). In his Complaint, Plaintiff seeks attorney's fees to the fullest extent allowable or required by law. *See* Complaint pp. 15-16.

22. Assuming Plaintiff can recover on his claims, he would most likely assert entitlement to attorney's fees of at least 25% of the total recovery, which would be at least $2,696,632.31, based on the partial estimates discussed above 25% x $10,786,529.25 (Plaintiff's alleged damage extrapolated across the class). *In re Quintus Securities Litigation*, 148 F. Supp.2d 967, 973 (N.D. Cal. 2001) (noting in the class action settlement context that the benchmark for setting attorney's fees is 25% of the common fund). An assumption of 25% is actually very conservative, as the Ninth Circuit Court of Appeals held that a percentage of 30% is within the "usual range" for attorney fee awards in class cases, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-49 (9th Cir. 2002), and Judge Keenan of the Southern District of New York held that percentage fees in common fund cases typically range from 20% to as high as 50%, *In re Warner Commc'n Sec. Lit.*, 618 F. Supp. 735, 749-50 (S.D.N.Y. 1985). More recently, in *Craft v. Cnty. of San Bernardino*, 2008 U.S. Dist. LEXIS 27526, at *30 (C.D. Cal. 2008), the District Court noted that a 1996 study by the Federal Judicial Center "found that most fee awards

in common fund class actions were between 20% and 40% of the gross monetary settlement" and another study by the National Economic Research Associates found that attorney's fees in these class actions averaged approximately 32% of the recovery. *Id.*

23. In addition to the relief described above, Plaintiffs seek damages for "unjust enrichment". Additionally, the Complaint seeks "emotional distress, back pain, treble and punitive damages" " in an unspecified amounts. *See* Complaint, "Wherefore" clause.

24. Accordingly, the amount in controversy requirement is met here by orders of magnitude given that a conservative estimate of Plaintiff's damages are $10,786,529.25 (defendants estimate of the potential damages) + $2,696,632.31 (estimated attorney's fees) = $13,483,161.56.

**D.    Jurisdiction is Mandatory Under CAFA and No Exception to CAFA Applies**

25. Because Garelick Farms is not a citizen of Massachusetts, the state in which this action was originally filed, jurisdiction under CAFA is mandatory, not discretionary. 28 U.S.C. § 1332(d)(3).

26. CAFA's legislative history provides that any doubts regarding the maintenance of a class action in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *accord McMorris v. T.DC Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (denying motion to remand and stating that "one of CAFA's primary mechanisms for expanding jurisdiction is to replace the strict complete diversity requirement with a lenient rule now granting jurisdiction if any diversity exists between Plaintiffs and defendants").

27. Plaintiffs have the burden of establishing that any exception to CAFA applies. Although Plaintiffs, not Garelick Farms, have this burden, no exception to CAFA applies in this case.

28. Plaintiff cannot avail themselves of the local controversy exception of Section 1332(d)(4)(A) of CAFA.

29. In sum, because (a) there is minimal diversity between the parties, (b) the $5,000,000 amount in controversy jurisdiction requirement is satisfied, and (c) no CAFA exception applies, this case is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## PROCEDURAL COMPLIANCE

30. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Garelick Farms of a copy of the Summons and the initial pleading setting forth the claims for relief upon which this removal is based.

31. Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant has the right to remove this case from the Superior Court of the Commonwealth of Massachusetts, Norfolk County to the United States District Court for the District of Massachusetts, Eastern Division.

32. The United States District Court for the District of Massachusetts, Eastern Division, embraces the county in which the state court action is now pending and, thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 101.

33. No previous application has been made for the relief requested herein.

34. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto is a copy of: (1) the Complaint filed in state court (attached hereto as Exhibit 1); (2) the Summons served on Garelick Farms (attached hereto as Exhibit 2); and, (3) the Civil Action Cover Sheet (attached hereto as Exhibit 3).

35. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff through its attorney of record, Maura A. Greene of Keegan Werlin, LLP, as required by law.

36. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court, the Commonwealth of Massachusetts, Norfolk County, as required by law, and served upon counsel for Plaintiff.

37. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Garelick Farms' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper service; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims; (6) failure to state a claim; (7) failure to join indispensible parties; or (8) any other pertinent defenses available under either Massachusetts or Federal Rule of Civil Procedure 12, any State or federal statute, or otherwise.

WHEREFORE, defendant Garelick Farms hereby removes this case from the Superior Court, Norfolk County, Massachusetts to this Court.

GARELICK FARMS, LLC

By its attorneys,

/s/ Damon P. Hart
Diane M. Saunders, BBO# 562872
Damon P. Hart, BBO# 644586
Rachel Reingold Mandel, BBO# 660495
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone: 617.994.5700
Facsimile: 617.994.5701
diane.saunders@ogletreedeakins.com
damon.hart@ogletreedeakins.com
rachel.mandel@ogletreedeakins.com
julia.brumer@ogletreedeakins.com

November 2, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via First Class Mail to those indicated as non-registered participants on November 2, 2011. I certify that on November 2, 2011, a true copy of the above document was served via First Class mail upon Maura A. Greene, Esq., Keegan Werlin, LLP, 265 Franklin Street, Boston, MA 02110-3113.

/s/ Damon P. Hart
Damon P. Hart

11211188.1 (OGLETREE)

11211188.1 (OGLETREE)