UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WALTER RAPOSO and JOSEPH MINGOLLA
On behalf of themselves and all
Others similarly situated,

    Plaintiffs

v.

GARELICK FARMS, LLC,

    Defendant.

C.A. No.: 11-cv-11943

## FIRST AMENDED COMPLAINT

**I. INTRODUCTION**

1. This action is brought by Walter Raposo and Joseph Mingolla (collectively, "the "Plaintiffs") on behalf of themselves and all other truck drivers/employees who have worked for Defendant Garelick Farms, LLC ("Garelick Farms" or the "Defendant") in Massachusetts. As described below, the Defendant has violated Massachusetts wage laws and common law by failing to pay truck drivers who are employed by the Defendant for all of the hours they worked. In particular, Garelick Farms automatically deducts thirty-minutes of pay from each truck driver/employee for meal breaks. However, Garelick Farm's productivity requirements for truck drivers prevented the Plaintiffs and other truck drivers from taking their thirty-minute meal breaks. Instead, the Plaintiffs and truck drivers worked during their meal breaks, a practice of which the Defendant was fully aware. Due to the Defendant's policy of automatically deducting wages for meal breaks, the Plaintiffs and other truck drivers have not been paid for all of their working time. The Plaintiffs bring this claim on behalf of

themselves and all similarly situated individuals employed as truck drivers by the Defendant.

**II.   PARTIES**

2.   The Plaintiff Walter Raposo is an individual residing at 112 Walmer Avenue in East Providence, Rhode Island.

3.   Mr. Raposo worked as a truck driver at Garelick Farms, LLC in Massachusetts from approximately August 14, 2005 through August 1, 2011.

4.   Mr. Raposo brings these claims on behalf of himself and all similarly situated individuals who have worked in Massachusetts as truck drivers for the Defendant.

5.   The Plaintiff Joseph Mingolla is an individual residing at 174 Mechanic Street, N. Smithfield, Rhode Island.

6.   Mr. Mingolla worked as a truck driver at Garelick Farms, LLC in Massachusetts from 1985 through 2001 and again from 2007 through January of 2011, when he was promoted to a supervisor.

7.   Mr. Mingolla brings these claims on behalf of himself and all similarly situated individuals who have worked in Massachusetts as truck drivers for the Defendant.

8.   Defendant Garelick Farms, LLC is a Delaware Corporation with a principal place of business located at 1199 W. Central Street, Franklin, Norfolk County, Massachusetts.

9.   This action is brought by the Plaintiffs on behalf of a class of all persons who worked in Massachusetts as truck drivers for the Defendant.

10.     This action is brought by the Plaintiffs on behalf of themselves and all other persons similarly situated whose joinder in this action is impracticable due to the large number and geographic distribution of the members.

11.     There are questions of law and fact common to the class. The Defendant automatically deducted one half hour of time for meal breaks for truck drivers. The question is whether the defendant violated Massachusetts wage and hour laws by failing to pay all of the truck drivers' wages where the truck drivers were unable to take meal breaks due to the requirements of the business.

12.     The Plaintiffs' claims are typical of the claims of the class in the following respects: truck drivers employed by the Defendant, including Mr. Raposo and Mr. Mingolla worked over six hours in a day and were entitled to a statutory meal break. However, truck drivers, including Mr. Raposo and Mr. Mingolla, worked through meal breaks in order to meet the Defendant's business demands. The Defendant automatically deducted one half-hour of pay every day from its truck drivers for meal breaks. Despite receiving multiple and continuing complaints from truck drivers that they were unable to take a meal break, the Defendant continued to automatically deduct wages for meal breaks, thereby depriving the plaintiffs and other drivers of wages owed.

13.     Mr. Raposo and Mr. Mingolla are proper class representatives who will fully and adequately protect the interests of the class members.

14.     A class action is superior to other available methods for adjudication of the controversy because joinder of all class members is impracticable and damages suffered by individual class members may be relatively small and the expense and burden of individual litigation would make it impossible for most class members individually to address the wrongs done to them.

### III. STATEMENT OF FACTS

15. Defendant Garelick Farms, LLC is a dairy distribution company operating throughout Massachusetts and other New England states.

16. The Defendant employs numerous truck drivers to deliver dairy products to customers, including schools, convenience stores and supermarkets.

17. The Defendant assigned delivery routes to each driver. Truck drivers were instructed to deliver dairy products to customers specific to the driver's route.

18. Truck drivers who were unable to complete their deliveries within the time constraints and returned to Defendant's location with undelivered Garelick Farm products were considered in violation.

19. Truck drivers who were unable to meet the Defendant's productivity requirements were instructed to work faster and also faced disciplinary action, such as warnings, suspension, loss of delivery routes and termination.

20. Truck drivers employed by the Defendant were entitled to thirty-minute meal break pursuant to Mass. Gen. Laws c. 149, § 100, which provides that "[n]o person shall be required to work for more than six hours during a calendar day without an interval of at least thirty minutes for a meal."

21. The Defendant automatically deducts a half-hour of pay from truck drivers' timecards each day to account for these breaks. This policy was in effect during Plaintiffs' employment.

22. Although entitled to a statutory meal break, truck drivers, including the Plaintiffs, often do not take a meal break in order to meet the business and productivity requirements of the Defendant.

23. Multiple truck drivers, including Mr. Mingolla, complained directly to management that the company was deducting one half hour for meal breaks that the drivers were not able to take due to the demands of the business.

24. The Defendant knows or should know that its truck drivers do not take meal breaks based upon complaints from truck drivers.

25. Mr. Raposo and Mr. Mingolla were truck drivers employed by the Defendant.

26. During the course of their employment as truck drivers, the plaintiffs worked over six hours each working day.

27. One-half hour of pay was always deducted from the plaintiffs' wages for meal breaks for each day the Plaintiffs worked, including when they worked through meal breaks.

28. As a result of Defendant's policies, Mr. Raposo, Mr. Mingolla and other truck drivers employed by the Defendant have been deprived of wages due to them for work performed.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Pursuant to the state law requirements as set forth in Mass. Gen. Laws, c. 149 § 150, the Plaintiffs filed their statutory state law claim with the Office of the Attorney General and have received a right to sue letter.

**COUNT I**

FAILURE TO PAY WAGES
IN VIOLATION OF MASSACHUSETTS LAW

Defendant Garelick Farms, LLC has knowingly and willfully failed to pay its truck drivers all wages due to them in violation of Mass. Gen. Law c. 149 § 150.

## COUNT II

UNJUST ENRICHMENT

By failing to pay its truck drivers for all hours they have worked, Garelick Farms, LLC has been unjustly enriched in violation of state common law.

WHEREFORE, the Plaintiff respectfully requests that this Court enter the following relief: (1) lost wages; (2) treble damages; (3) attorney's fees and costs; (4) interest; and (5) any other relief to which the plaintiffs may be entitled.

### JURY DEMAND

The Plaintiff demands a jury for all claims so triable.

Respectfully submitted,
WALTER RAPOSO, on behalf of himself
And all others similarly situated,

By his attorneys,

/s/ Maura A. Greene
Maura A. Greene, BBO #547204
mgreene@keeganwerlin.com
Matthew P. Zayotti, BBO #638265
mzayotti@keeganwerlin.com
KEEGAN WERLIN LLP
265 Franklin Street
Boston, MA 02110-3113
(617) 951-1400 (tel.)

Dated: December 2, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via First Class Mail to those indicated as non-registered participants on December 2, 2011. I certify that on December 2, 2011, a true copy of the above document was served via First Class Mail upon all counsel of record.

/s/ Maura A. Greene
Maura A. Greene