United States District Court
District of Massachusetts

```
_____
                               )
WALTER RAPOSO,                 )
JOSEPH MINGOLLA                )
        PlaintiffS,            )
                               )   Civil Case No.
        v.                     )   11-11943-NMG
                               )
GARELICK FARMS, LLC,           )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Walter Raposo and Joseph Mingolla ("plaintiffs") are former truck drivers for defendant Garelick Farms, LLC ("Garelick"), a dairy distribution company, and bring this action on behalf of a putative class of all persons who worked as truck drivers for Garelick in Massachusetts.

**I.   Background**

Plaintiffs allege that Garelick automatically deducted a half hour of paid time from truck drivers' time cards for meal breaks, regardless of whether the drivers actually took the meal break.  Plaintiffs also assert that, in order to meet Garelicks' demands, truck drivers were forced to work through meal breaks but were not paid for that time.

Plaintiff Walter Raposo filed a class-action complaint in

Norfolk Superior Court on September 26, 2011.  In November, 2011, Garelick removed the case to this Court and shortly thereafter moved to dismiss the complaint.  In response, plaintiffs filed an Amended Complaint on December 2, 2011, in which Joseph Mingolla was also added as a named plaintiff.  In their Amended Complaint plaintiffs allege 1) failure to pay wages in violation of M.G.L. ch. 149 § 150 and 2) that Garelick has been unjustly enriched by its failure to pay proper wages in violation of state common law.

In April, 2012, plaintiffs moved for leave to file a Second Amended Complaint.  Plaintiffs seek to assert two new claims against Garelick: 1) that Garelick rounded down truck drivers time when they worked in increments of less than 15 minutes and 2) that Garelick failed to pay drivers overtime to which they were due, including the time they worked during unpaid meal breaks.  Plaintiffs base these claims on the March, 2012, deposition testimony of a former Garelick dispatcher Gerald Marcotte ("Marcotte") in a related case proceeding in Massachusetts Superior Court.

## II. Plaintiffs' Motion to Amend the First Amended Complaint

### A. Legal Standard

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its complaint once as a matter of course and further "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  The court "should freely give leave when justice

so requires." Id. Although Rule 15 has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

**B.   Application**

Plaintiffs seek to amend their complaint to add two new claims. Plaintiffs have not, however, provided any explanation for why they were unable to include the additional claims in the Original Complaint or in the First Amended Complaint filed three months later. Instead, plaintiffs waited until April, 2012, seven months after the filing of the Original Complaint, to request permission to include these claims. During that time the parties conducted discovery on the existing claims.

When "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir.1983) (quoting Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir.1979)). Plaintiffs assert that their new claims are based on the deposition testimony of a former Garelick employee in a separate lawsuit yet do not explain why they rely on that testimony rather than their own experience at Garelick. The plaintiffs and the putative class of truck drivers they seek to represent should have known prior to

Marcotte's testimony whether they were being paid for all of the hours they worked or whether their paycheck was being rounded down. They should also have been aware of the amount of overtime to which they were entitled. As a result, plaintiffs have provided no explanation for why they were unable to include those claims in either their Original or Amended Complaints or for their delay in moving to amend.

Because the Court finds that the proposed additional claims are based on information readily available to the plaintiffs at the time they filed their Original Complaint and their First Amended Complaint, the Court declines to grant leave to amend on the grounds that doing so would reward undue delay.

### III. **Defendant's Motion to Strike Plaintiffs' Class Claims and Plaintiffs' Motion to Amend Scheduling Order Deadlines**

Garelick requests that the Court strike plaintiffs' class action claims because plaintiffs failed to meet the August 31, 2012 deadline to file a motion for class certification set by the Court. However, the Court did not rule on the Motion to Amend prior to the deadline for motions for class certification. Garelick has failed to describe how it will be prejudiced if plaintiffs' are allowed additional time to file a motion for class certification. As a result, the Court will accordingly deny the motion to strike class claims in plaintiffs' Complaint.

Furthermore, in accordance with Plaintiffs' request, the Court will extend the deadline for completion of the class

certification phase of discovery until January 31, 2013, and continue other discovery deadlines accordingly.

**ORDER**

Pursuant to the foregoing,

1) plaintiffs' motion for leave to file an amended complaint (Docket No. 18) is **DENIED,**

2) defendant's motion to strike plaintiffs' class claims (Docket No. 28) is **DENIED,** and

3) plaintiffs' motion to extend scheduling order deadlines (Docket No. 34) is **ALLOWED,** to wit:

| | |
|---|---|
| Motion for Class Certification: | 1/31/13 |
| Opposition to Motion for Class Certification: | 3/15/13 |
| Class Certification Decided by: | 5/31/13 |
| Amendments/Supplements to Pleadings: | 6/15/13 |
| Plaintiff's Experts Designated and Rule 26 Reports Exchanged by: | 6/30/13 |
| Defendant's Experts Designated and Rule 26 Reports due : | 7/31/13 |
| All Remaining Discovery Completed by: | 11/30/13 |
| Dispositive Motions by: | 12/31/13 |
| Oppositions by: | 1/31/14 |
| Final Pre-Trial Conference: | Wed., 4/2/14 at 3:00pm |
| Jury Trial: | Mon., 4/7/14 at 9:00am. |

**So ordered.**

                                        /s/Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated November 1, 2012