United States District Court
District of Massachusetts

```
_____
                              )
WALTER RAPOSO, JOSEPH MINGOLLA, )
        Plaintiffs,           )
                              )
        v.                    )      Civil Action No.
                              )      11-11943-NMG
GARELICK FARMS, LLC,          )
        Defendant.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiffs Walter Raposo and Joseph Mingolla ("plaintiffs") are former truck drivers for defendant Garelick Farms, LLC ("defendant" or "Garelick"), a dairy distribution business. Plaintiffs' claims, on their own behalf and on behalf of others similarly situated, arise from Garelick's policy of automatically deducting 30 minutes from drivers' time cards for mandatory, unpaid meal breaks.  The drivers allege that they are owed compensation for unpaid meal breaks which they did not take because, in order to meet work requirements, they were frequently forced to work through meal breaks without compensation. Plaintiffs also claim that even if drivers take their 30-minute break, the restrictions Garelick imposes on where and how such breaks must be taken render that time compensable.

I.  **Background**

The defendant dairy distribution company operates facilities

in Franklin and Lynn, Massachusetts.  Both plaintiffs were
employed as delivery truck drivers at the Franklin facility.

Garelick company policy provides that delivery drivers are
to be afforded two, paid 15-minute breaks and one, unpaid
30-minute meal break during each six-hour shift.  Although
Garelick requires that all drivers take the unpaid meal break,
drivers have complete discretion as to when during their shift
they take their meal breaks.  Accordingly, when and how a driver
takes his meal break varies significantly from driver to driver.

Plaintiffs allege that Garelick automatically deducts 30
minutes of time from a truck driver's time card regardless of
whether the driver actually takes the meal break.  They suggest
that Garelick is able to confirm whether a driver took his break
through XATANET, a program used by Garelick for tracking truck
movements and other metrics, planning routes and complying with
Department of Transportation safety regulations.  Garelick
supervisors encourage drivers to record all breaks and other
delays that occur during their shifts in XATANET, although breaks
often go unrecorded or are recorded incorrectly.

Each Garelick facility has its own break policy.  For
example, a driver at the Franklin facility may divide his daily
allotment of 60 minutes of break time into increments of any
length.  The Lynn facility, however, prohibits a driver from
combining his two 15-minute breaks with his 30-minute meal break

and also encourages drivers to separate their breaks by at least
90 minutes of work time.  The Franklin facility requests that
drivers keep their vehicles within sight when parked for meal
breaks.  The Lynn facility has no similar policy, although both
facilities expect drivers not to go "off route" by more than five
or ten miles to take meal breaks.

Prior to this action, a Franklin facility driver who did not
take his meal break during a particular shift was instructed to
communicate with his supervisor in order to ensure that he was
properly compensated for that time.[1]  Lynn facility drivers who
were unable to take their breaks were also told to communicate
with their supervisors, who would then review the driver's route
and, if warranted, allow the driver to take extra break time
later in the week.

## II.  <u>Procedural History</u>

Plaintiff Walter Raposo filed a class-action complaint in
the Massachusetts Superior Court for Norfolk County in September,
2011.  In November, 2011, Garelick removed the case to this Court
and shortly thereafter moved to dismiss.  In response, plaintiffs
filed an Amended Complaint in December, 2011, in which Joseph
Mingolla was added as a named plaintiff.  In their Amended
Complaint plaintiffs allege that Garelick 1) failed to pay wages

---

[1]Subsequent to the filing of this lawsuit, Garelick formalized this
process so that a driver must complete a written waiver form if he fails to
take a break.

in violation of M.G.L. ch. 149 § 150 and 2) has been unjustly
enriched by its failure to pay proper wages in violation of state
common law.

In April, 2012, plaintiffs moved for leave to file a Second
Amended Complaint, seeking to assert two new claims against
Garelick and in September, 2012, defendant moved to strike
plaintiffs' class claims.  Shortly thereafter, the Court denied
both motions.

Now before the Court are plaintiffs' motion for class
certification and the parties' joint motion to extend deadlines.

### III. <u>Motion for Class Certification</u>

Plaintiffs request that the Court certify a class consisting
of: "All individuals who have worked as delivery drivers for
Garelick Farms in Massachusetts since September 27, 2005."

### A.    Legal Standard

Under Fed. R. Civ. P. 23, a court may certify a class only
if it finds that the proposed class satisfies all of the
requirements of Rule 23(a) and that class-wide adjudication is
appropriate for one of the reasons set forth in Rule 23(b).  <u>See</u>
<u>Smilow</u> v. <u>Sw. Bell Mobile Sys., Inc.</u>, 323 F.3d 32, 38 (1st Cir.
2003).  Here, Plaintiffs request that the Court certify a class
pursuant to Rule 23(b)(3).

"A district court must conduct a rigorous analysis of the
prerequisites established by Rule 23 before certifying a class."

Id. (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982)).  A district court's inquiry into the merits of a case at the class certification stage should be conducted only "to the extent that the merits overlap the Rule 23 criteria." In re Boston Scientific Corp. Sec. Litig., 604 F. Supp. 2d 275, 280-81 (D. Mass. 2009) (quoting In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d at 24).  However, when factual premises are disputed, a court may "probe behind the pleadings [and] formulate some prediction as to how specific issues will play out." In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 20 (1st Cir. 2008) (citations and internal quotation marks omitted).

Fed. R. Civ. P. 23(a) requires that a class meet the following criteria: 1) "the class is so numerous that joinder of all members is impracticable" (numerosity), 2) "there are questions of law or fact common to the class" (commonality), 3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality), and 4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy).  Fed. R. Civ. P. 23(a)(1)-(4).

Under subparagraph (b)(3) of the same Rule, litigation may proceed as a class action if the four criteria of subparagraph (a) are satisfied and

the court finds that the questions of law or fact common
to class members predominate over any questions affecting
only individual members, and that a class action is
superior to other available methods for fairly and
efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).

**B.    Commonality Under Fed. R. Civ. P. 23(a)(2)**

To satisfy the Rule 23(a) requirement of commonality,
"questions of law or fact common to the class" must be present.
Fed. R. Civ. P. 23(a)(2).  District courts are to perform a
"rigorous analysis" to determine that the commonality requirement
is satisfied, "because actual, not presumed, conformance with
Rule 23(a) remains indispensable." Wal-Mart Stores, Inc. v.
Dukes, 131 S. Ct. 2541, 2551-52 (2011).

In analyzing whether a purported class has sufficient
commonality, a court should not consider "common 'questions'" but
rather "the capacity of a classwide proceeding to generate common
answers apt to drive the resolution of the litigation." Id. at
2551 (citations omitted) (emphasis in original).  As a result,
under Rule 23(a)(2) a plaintiff must depend on a common
contention where "determination of its truth or falsity will
resolve an issue that is central to the validity of each one of
the claims in one stroke." Martins v. 3PD, Inc., No.
11-11313-DPW, 2013 WL 1320454, at *6 (D. Mass. Mar. 28, 2013)
(quoting Wal-Mart, 131 S. Ct. at 2551).  In other words, the
commonality requirement is met where the "questions that go to

-6-

the heart of the elements of the cause of action" will "each be answered either 'yes' or 'no' for the entire class" and "the answers will not vary by individual class member." <u>Donovan</u> v. <u>Philip Morris USA, Inc.</u>, No. 06-12234-DJC, 2012 WL 957633, at *21 (D. Mass. Mar. 21, 2012).

### C. Application

Plaintiffs' claims arise from Garelick's policy of automatically deducting 30 minutes from drivers' time cards for mandatory, unpaid meal breaks.  Plaintiffs do not claim that it is unlawful to deduct from employees' pay for breaks actually taken; instead they challenge Garelick's automatic deduction of 30 minutes from every shift without regard to whether a break was actually taken.

The drivers allege that they are owed compensation for unpaid meal breaks which they did not take because, in order to meet work requirements, they were frequently forced to work through meal breaks without compensation.  Plaintiffs also claim that even if a driver takes his 30-minute break, the restrictions Garelick imposes on where and how such a break must be taken render that time compensable.

### 1. System Wide Policy

Plaintiffs argue that the Rule 23(a) commonality requirement is satisfied simply because defendant has "system-wide" automatic deduction and break policies that apply to all class members.

-7-

Those policies are not, however, system-wide because some of them
apply to only one facility and hence to only some class members.
Even if the policies were system-wide, the cases plaintiffs cite
for the proposition that commonality is satisfied where a lawsuit
challenges a system-wide policy or implementation of a common
scheme were decided prior the Supreme Court's recent decision in
Wal-Mart. The Court is not persuaded that those cases remain
applicable.  Instead, it now must evaluate whether each of
plaintiffs' claims depend on common questions which generate
common answers apt to drive the resolution of the litigation.
Wal-Mart, 131 S. Ct. at 2551 ("any competently crafted class
complaint literally raises common 'questions'").

### 2.    Worked-Through Meal Breaks

Plaintiffs' primary claim is that Garelick's policy of
automatically deducting 30 minutes of time from drivers' time
cards to account for mandatory unpaid meal breaks violates
Massachusetts state law.  To prove such a claim plaintiffs must
demonstrate that Garelick knew or should have known that drivers
were working during those meal breaks. See Republican Pub. Co. v.
American Newspaper Guild, 172 F.2d 943, 945 (1st Cir. 1949).
Plaintiffs assert that in this case defendant knew or should have
known based on XATANET logs.

Evaluation of plaintiffs claim depends upon the answers to
two questions: 1) Did all drivers in the class work through meal

-8-

breaks and, if so, why? and 2) If any driver worked through meal breaks, was he compensated for that time? See, e.g., Boelk v. AT & T Teleholdings, Inc., No. 12-CV-40-BBC, 2013 WL 261265, at *12 (W.D. Wis. Jan. 10, 2013) ("the crucial question" with respect to plaintiffs' claim that they were owed compensation for unpaid meal breaks during which they actually worked "is why plaintiffs and other technicians worked through all or part of their meal breaks") (emphasis in original); York v. Starbucks Corp., No. 08-07919 GAF PJWX, 2011 WL 8199987, at *26 (C.D. Cal. Nov. 23, 2011) (where plaintiffs assert that they did not receive meal breaks, the "crucial question . . . is whether any violation of California law occurred in the first place and, if so, why the violation occurred").

Neither of the inquiries is, however, capable of generating common answers as is necessary to satisfy the commonality requirement as articulated in Wal-mart. First, deposition testimony indicates that not all drivers worked through their meal breaks. In fact, several drivers stated that they always, or almost always, took their meal breaks. Almeida Decl. 9; Craib Decl. 7; Gill Decl. 16; Haringa Decl. 7, 12; Kneeland Decl. 14; Marcone Decl. 6; Rivera Decl. 7; Santos Decl. 10-11; Stanley Decl. 9; Walker Decl. 7.

Furthermore, among drivers who did actually work through their breaks, the reasons for doing so vary from driver to driver

-9-

and from day to day.  Some drivers, for example, skip their meal
break in order to go home early or to an appointment.  <u>See, e.g.</u>,
Mingolla Dep. 187:22-188:8.  Others simply chose not to take the
break.  For example, a driver stated that he sometimes did not
take a meal break because he "just didn't need a break." Rivera
Decl. 16.  Plaintiffs also claim that drivers often are forced to
work through meal breaks in order to meet Garelick's business and
productivity requirements.  Thus, it is clear that whether an
individual driver worked through his meal break depended on the
facility from which he worked, the day, the volume of work, the
length of the route, the kinds of deliveries, supervisors'
varying expectations and the driver's individual needs and
desires.  As a result, the reason why drivers worked through
breaks cannot be answered on a class-wide basis.

The second question, i.e. whether drivers were compensated
for working breaks, also is incapable of class-wide resolution.
As the Supreme Court held in <u>Wal-Mart</u>, a

> policy of <u>allowing discretion</u> by local supervisors over
> employment matters. . . is just the opposite of a uniform
> employment practice that would provide the commonality
> needed for a class action; it is a policy <u>against having</u>
> uniform employment practices.

<u>Wal-Mart</u>, 131 S. Ct. at 2554 (internal quotation marks omitted)
(emphasis in original).  Plaintiffs acknowledge that some drivers
who worked through breaks were subsequently compensated for that
time after notifying their supervisor.  As a result, whether a

driver was compensated for working through a meal break depended on decisions made by his individual supervisor.  Thus, whether drivers were compensated for working through breaks cannot "be answered either 'yes' or 'no' for the entire class," <u>Donovan</u>, 2012 WL 957633, at *21, and the proposed class cannot satisfy the commonality requirement.

### 3. **Meal Breaks Converted to Working Time**

Plaintiffs also claim that, even when they do take meal breaks, the breaks are subject to restrictions that in effect convert those breaks in to "working time" for which drivers must be compensated.  Although the Court is skeptical that such a claim was even properly pled in plaintiffs' Complaint, even if it was, it is not capable of classwide resolution.

Meal breaks during which an employee is relieved of all work-related duties are not considered "working time," 455 CMR § 2.01, and as such an employer is not required to compensate for that time.  In order to qualify as a bona fide meal period, "an employee must be completely relieved from duty" and not required to "perform any duties, whether <u>active or inactive, while eating</u>." <u>Manning</u> v. <u>Boston Med. Ctr. Corp.</u>, No. 09-11463-RWZ, 2012 WL 1355673, at *4 (D. Mass. Apr. 18, 2012) (internal quotations and citations omitted) (emphasis in original).

Plaintiffs' point to two of defendant's practices to advance their claim that their meals breaks are actually "working time":

-11-

1) the request that drivers try to keep their vehicles within sight when parked for meals and 2) the expectation that drivers not go "off route" more than five to ten miles to take their breaks.  As an initial matter, the first policy does not apply to plaintiffs' proposed class of all Garelick truck drivers because it is only in effect at the Franklin facility and is therefore not capable of classwide resolution.

The only policy shared by both facilities is the expectation that drivers will not go "off route" more than five or ten miles to take their breaks.  Plaintiffs have presented no evidence of an official policy requiring drivers to stay on (or near) their route.  The only evidence plaintiffs have provided of any such policy is from employee depositions.  See Brown Dep. 28:4-11 ("we don't condone them to go out of route to take necessary breaks. We ask them to take the break somewhere within that route"); Murphy Dep. 31:22-32:4 (drivers may go off route "within reason").

Regardless of the strength of such evidence, the essential inquiry with respect to plaintiffs' claim is whether the restriction foreclosed a driver's use of his break to the point that it was "working time."  That is, whether the restriction from going off-route prevented a driver from having a "bona fide meal period" in which he was "completely relieved from duty." This inquiry does not generate common answers and cannot be

-12-

answered "yes" or "no" on a classwide basis.  Whether the restriction on driving off route for a meal break would result in a driver being unable to use his break period as he so chooses would require an individual inquiry.

For example, whether a driver can access a restaurant or other food establishment without deviating far from the assigned route depends on the specific route, the volume of work, and the job assignment.  An urban route would likely have far more food options within five or ten miles of the assigned route than would a rural route.  A route on a highway may or may not have rest areas depending on the particular stretch of highway.   Whether a particular route allows a driver to take a bona fide break may also depend upon the driver's individual needs and desires. Thus, any answer to this inquiry requires an individual analysis making the claim incapable of classwide resolution.

Because the questions essential to the determination of plaintiffs' claims are not subject to classwide resolution plaintiffs' proposed class fails to satisfy the commonality requirement and class certification will be denied.  Because the proposed class cannot satisfy Rule 23(a)(2), the Court need not address the remaining Rule 23(a) factors or the requirements of Rule 23(b)(3).

**ORDER**

In accordance with the foregoing,

1)     plaintiffs' motion for class certification (Docket No. 49) is **DENIED,** and

2)     the joint motion to extend deadlines (Docket No. 68) is **ALLOWED.**


**So ordered.**

                                           /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge
Dated July 11, 2013