UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| WALTER RAPOSO and JOSEPH MINGOLLA | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-11943-NMG |
| GARELICK FARMS, LLC | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S
MOTION FOR PROTECTIVE ORDER AND MOTION TO STRIKE

February 18, 2014

SOROKIN, C.M.J.

The Court's Amended Scheduling Order required "all remaining Discovery to be completed by 1/10/2014." Doc. No 70.  On January 10, 2014, Plaintiffs reissued their previously served document requests and interrogatories with one material change: they enlarged the relevant time period for which they sought discovery.  Previously, their document requests and interrogatories had sought information from the present back to January 1, 2007.  The revised requests added more than one year to the discovery period by pushing the start date back to September 27, 2005—the beginning, by Plaintiff's calculation, of the six-year limitations period applicable to the unjust enrichment claim.  Also on January 10, 2014, Plaintiffs made supplemental disclosures encompassing the period dating back to September 27, 2005.

Plainly, Plaintiffs pled an unjust enrichment claim, the limitations period for that claim appears to be six years, and the parties proceeded throughout the discovery period examining

more than the three-year limitation period for the Wage Act claim, but less than the entire six-year period for which Plaintiffs now seek discovery. It is also clear that the parties conducted all of their discovery pursuant to the original, more limited period for which Plaintiffs sought information:

- The original discovery requests propounded by Plaintiffs sought discovery back to January 1, 2007 (not September 27, 2005);
- Plaintiffs' January 13, 2013, Rule 30(b)(6) deposition notice to Defendant only sought testimony going back to January 1, 2007;
- The amount of damages Plaintiff Raposo sought on his civil action cover sheet was based, per his deposition, on a three-year calculation;
- Plaintiff Mingolla testified he sought damages for a three-year period.

The interrogatories and document requests served by Plaintiffs on January 10, 2014 are broad in scope, seeking all of the discovery they previously sought, but now for the larger period (i.e. this is not a narrow request for, merely, the Plaintiffs' time cards for an extra sixteen-month period). These requests were untimely under the Amended Scheduling Order, which required the parties to "complete" all discovery by January 10, 2014. Plaintiffs' submission provided no explanation for why they did not seek this discovery earlier. Accordingly, I find the discovery requests untimely, and Plaintiffs have failed to establish good cause to enlarge the time period to permit further discovery.

In addition, Defendant requests that the Court (1) strike Plaintiffs' supplemental disclosures (encompassing the larger discovery period); (2) bar Plaintiffs from offering evidence back to 2005; and (3) limit Plaintiffs Raposo and Mingolla's recovery of damages to the periods beginning September 26, 2008 and December 31, 2007, respectively. For the reasons previously

stated, the Motion to Strike is ALLOWED as to Plaintiffs' supplemental disclosures.  The Motion to Strike is OTHERWISE DENIED WITHOUT PREJUDICE to renewal before the trial judge in the form of a pretrial motion.

The Motion for a Protective Order and Motion to Strike (Doc. No. 78) is ALLOWED IN PART AND DENIED IN PART as set forth herein.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge